IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD A. SMITH, JR.,**

        **Plaintiff,**

v.                                                                        **Civil Action No. 2:16cv29**
                                                                               **(Judge Bailey)**

**GARY MERRIT, ROBERT E. COOPER,
DAVE O. LUCAS, TODD O. McDANIEL,
TIMOTHY G. WHITE, SHERRY MUNCY,
AND PAUL T. CAMILLETTE**

        **Defendants.**

## REPORT AND RECOMMENDATION

On April 18, 2016, the *pro se* Plaintiff Richard Allen Smith, Jr. ("Plaintiff") initiated this action by filing a state civil rights complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983 along with a Motion to Proceed without Prepayment of Fees, or *in forma pauperis*. ECF No. 2. That same day, the Clerk of the Court issued a Notice of Deficient Pleading, directing the Plaintiff to file the complete names of all defendants, and complete addresses for each, as well as his Prisoner Trust Account Report including direction to have the Report completed and signed by the Trust Officer. ECF No. 7. On May 12, 2016, the Plaintiff filed his Prisoner Trust Account Report [ECF No. 10] and a Motion to Amend the Complaint to Name Additional Defendants. ECF No. 9. On May 13, 2016, the undersigned granted the Plaintiff's Motion to Proceed *in forma pauperis*, without Prepayment of Fees. ECF No. 11. On July 15, 2016, the undersigned granted the Plaintiff's Motion to Amend. ECF No. 14.

Following the undersigned's granting of the Plaintiff's Motion to Amend, he filed a Motion for Extension of Time to file his Amended Complaint on August 11, 2016 [ECF

No. 17], and on August 12, 2016, the undersigned granted his Motion for Extension of Time. ECF No. 19. The Plaintiff filed his Amended Complaint on September 9, 2016, naming the above Defendants in this action. ECF No. 23. This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915(A) and LR PL P 2.

## I.     BACKGROUND[1]

The Plaintiff, was one of twenty defendants charged in a forty-seven Count Second Superseding Indictment filed in the United States District Court in Elkins, W.Va., on August 8, 2000.[2] ECF No. 764. The Plaintiff was charged in Counts 1s, 2s, 5s, 39s, 40s-41s, 44s, 45s, 46s, and 47s of the Second Superseding Indictment. ECF No. 203. The Plaintiff entered a plea of not guilty as to all charges contained in the indictment on April 27, 2000 (ECF No. 20) and a jury trial was held beginning on May 1, 2001 before the Honorable Judge Frederick P. Stamp, Jr. at the U.S. District Court in Elkins, W.Va. On the seventh day of the jury trial, the Plaintiff moved for Judgment of Acquittal as to Counts 39 and 47. The Court granted the Plaintiff's motion for Judgment of Acquittal as to Count 47, intimidation of an officer engaged in the performance of official duties with a deadly or dangerous weapon and dismissed his motion as to Count 39, unlawful use, carry, and brandishing of a firearm during and in relation to a drug trafficking crime.

On May 11, 2001, the Plaintiff was found guilty by a jury for the Northern District of West Virginia of the following eight counts: conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base (Count 1s); knowing

---

[1] The information contained in this section is taken from the Plaintiff's criminal case: 2:00CR7-01 (Northern District of W.Va.).
[2] The original Indictment was filed on April 13, 2000 and a Superseding Indictment was filed on May 10, 2000 adding additional defendants and counts relating to those defendants and the Plaintiff in this case. No new counts were added in the Second Superseding Indictment.

possession of a firearm by a convicted felon (Counts 5s and 44s); aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a drug trafficking offense (Counts 39s and 46s); distribution of crack cocaine (Counts 40s and 41s); and aiding and abetting the assault, resistance, and impeding of an officer (Count 45s). ECF No. 764. The Plaintiff was found not guilty by the jury as to Count 2s. ECF No. 519. The Plaintiff's conviction of conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 carried a mandatory minimum sentence of ten years imprisonment, which was increased to twenty years (240 months) because he was found to have a prior conviction for a felony drug offense. ECF No. 764.

On March 20, 2002, the Court sentenced the Plaintiff to a total term of 646 months (53 years) imprisonment, including 262 months as to Counts 1s, 40s, and 41s; 120 months as to Counts 5s and 44s; 36 months as to Count 45s (all to run concurrently); 84 months as to Count 39s (to be served consecutive to all other counts); and 300 months as to Count 46s (to be served consecutive to all other counts). ECF No. 778. The Plaintiff was also sentenced to five years of supervised release and was ordered to pay an assessment fee of $800.00 as well as a fine of $12,000.00. ECF No. 778.

Following his conviction and sentence, the Plaintiff has filed several post-judgment motions and appeals, all of which have been unsuccessful. The United States Court of Appeals for the Fourth Circuit affirmed the Plaintiff's convictions and sentence on direct appeal by an unpublished per curiam opinion filed on November 29, 2002. ECF No. 844. Furthermore, the Plaintiff's Motion to Vacate pursuant to 28 U.S.C. §

2255 was denied by the U.S. District Court on May 19, 2005. ECF No. 978. The Plaintiff further applied for a writ of certiorari to the United States Supreme Court and was again denied.

## II.     COMPLAINT

The Plaintiff's complaint alleges misconduct against state officials. The Plaintiff alleges that the misconduct of these individuals, while acting in their official capacity for the state, led to the conviction and sentence for which he is currently incarcerated. The Plaintiff's complaint specifically alleges that Defendants, Gary Merritt, Robert E. Cooper, and Dave O. Lucas, in their official capacity as police officers, conspired to forge search warrants used in connection with the Plaintiff's aforementioned criminal trial and conviction in May of 2001. The Plaintiff failed to allege a specific claim against named Defendant Todd O. McDaniel. The Plaintiff's complaint further alleges that Defendant Timothy G. White, in his official capacity as a forensic chemist for the West Virginia State Police Crime Lab, falsified drug lab reports pertaining to the Plaintiff's criminal case which aided in securing his conviction. Finally, the Plaintiff's complaint alleges what amounts to prosecutorial misconduct against Defendants Sherry Muncy and Paul T. Camilletti. The Plaintiff alleges the two were complicit in the alleged falsifying of drug lab reports relating to the Plaintiff's criminal case while acting in their official capacities as Assistant Prosecuting Attorney and Assistant United States Attorney respectively. For relief, the Plaintiff seeks recovery of $25,000,000.00 for violation of his constitutional rights and $10,000,000 for the evil acts of Defendants.

## III.     STANDARD OF REVIEW

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. §1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious must be dismissed. 28 U.S.C. § 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327 or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendants has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

## IV.   ANALYSIS

This case should be dismissed as frivolous because the Plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the Plaintiff in this case "would necessarily imply the invalidity of his conviction or sentence" Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487) and that the Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the Plaintiff has no chance of success on the merits and his claim is frivolous.

### V.  RECOMMENDATION

In consideration of the foregoing, it is recommended that the Plaintiff's complaint be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915A(b).

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the

Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

It is so **ORDERED**.

DATED: February 6, 2017.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE