IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RICHARD A. SMITH, JR.,**

Plaintiff,

v.  CIVIL ACTION NO. 2:16cv29
(Bailey)

**GARY MERRIT, ROBERT E. COOPER,
DAVE O. LUCAS, TODD O. McDANIEL,
TIMOTHY G. WHITE, SHERRY MUNCY,
AND PAUL T. CAMILLETTE,**

Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. INTRODUCTION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi. [Doc. 26]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on February 6, 2017, wherein he recommends this Court dismiss Plaintiff's Amended Complaint as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of service pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on February 8, 2017. [Doc. 27]. Plaintiff filed a Motion for Extension of Time on February 17, 2017. [Doc. 28]. This extension was granted on March 1, 2017, extending the due date for objections to thirty (30) days after service of the Order. [Doc. 29]. Plaintiff timely filed his Objection on April 3, 2017. [Doc. 31]. Accordingly, this Court will review the portions of the R&R to which Plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

After reviewing as discussed above, this Court is of the opinion that the magistrate judge's Report and Recommendation should be and is hereby **ORDERED ADOPTED**.

## II.     BACKGROUND

Plaintiff was one of twenty defendants charged in a forty-seven Count Second Superseding Indictment filed in the United States District Court in Elkins, West Virginia, on August 8, 2000. [Crim. Doc. 203].[1] On May 11, 2001, a jury in the Northern District of West Virginia found Plaintiff guilty of: (1) conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base; (2) knowing possession of a firearm by a convicted felon; (3) aiding and abetting the use, carrying, and brandishing of a firearm

---

[1] Criminal docket numbers refer to information derived from Plaintiff's criminal case in the Northern District of West Virginia, No. 2:00-cr-7-01.

during and in relation to a drug trafficking offense; (4) distribution of crack cocaine; and (5) aiding and abetting the assault, resistance, and impeding of an officer. [Crim. Doc. 519]. On March 20, 2002, the Court sentenced Plaintiff to a total term of 646 months (53 years) imprisonment, as well as five years supervised release, an assessment fee of $800.00, and a fine of $12,000.00. [Crim. Doc. 778].

Plaintiff has filed several post-judgment motions and appeals, which have all been unsuccessful. The United States Court of Appeals for the Fourth Circuit affirmed Plaintiff's convictions on direct appeal by an unpublished *per curiam* opinion issued on November 29, 2002. [Crim. Doc. 844]. Further, Plaintiff's Motion to Vacate pursuant to 28 U.S.C. § 2255 was denied by the United States District Court on May 19, 2005. [Crim. Doc. 978]. Additionally, Plaintiff applied for a writ of *certiorari* to the United States Supreme Court and was denied. **Richard Allen Smith, Jr., v. United States**, 540 U.S. 934 (October 6, 2003). The instant Complaint is the latest in this line of challenges to Plaintiff's conviction.

On April 18, 2016, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 1], along with a Motion to Proceed without Prepayment of Fees, or *in forma pauperis*. [Doc. 2]. The same day, the Clerk of the Court issued a Notice of Deficient Pleading [Doc. 7], directing Plaintiff to file the complete names of all defendants, complete addresses for each, and complete his Prisoner Trust Account Report, including direction to have the Report completed and signed by the Trust Officer. [*Id.*]. On May 12, 2016, Plaintiff filed his Prisoner Trust Account Report and a Motion to Amend the Complaint to Name Additional Defendants. [Doc. 10]. Next, on May 13, 2016, Magistrate Judge Aloi granted Plaintiff's Motion to Proceed *in forma pauperis*. [Doc. 11]. On July 15, 2016, Magistrate Judge Aloi granted the Plaintiff's Motion to Amend. [Doc. 14].

Following the granting of the Motion to Amend, Plaintiff filed a Motion for Extension of Time to file his amended Complaint on August 11, 2016, which was granted by Magistrate Judge Aloi on August 12, 2016. [Doc. 19]. Finally, Plaintiff filed his Amended Complaint naming the above defendants on September 7, 2016. [Doc. 23]. Plaintiff's Complaint alleges misconduct by state officials acting in their official capacity for the state which led to the conviction and sentence for which Plaintiff is currently incarcerated. [*Id.*]. Specifically, Plaintiff alleges that defendants, Gary Merrit, Robert E. Cooper, and Dave O. Lucas, in their official capacity as police officers, conspired to forge search warrants used in connection with Plaintiff's trial and conviction. [*Id.*]. No specific claim is made against Todd O. McDaniel. [*Id.*]. Next, Plaintiff alleges that Timothy G. White, in his official capacity as a chemist for the West Virginia State Police Lab, falsified drug lab reports pertaining to Plaintiff's criminal case. [*Id.*]. Finally, Plaintiff alleges that Sherry Muncy and Paul T. Camilletti were complicit in alleged falsifying of drug lab reports in their official capacities. [*Id.*]. As relief, Plaintiff requests $25,000,000.00 for violation of his constitutional rights and $10,000,000.00 in punitive damages. [*Id.*]. Magistrate Judge Aloi filed his R&R on February 6, 2017. [Doc. 26]. Plaintiff filed his Objection on April 3, 2017. [Doc. 31].

### III.  DISCUSSION

In his R&R, Magistrate Judge Aloi begins by outlining the all of the above information regarding the background and procedural history of the instant case, as well as the content of Plaintiff's Complaint. [Doc. 26]. After laying out the necessary standard of review for prisoner's seeking redress from a government entity and the requirements for a complaint to be considered frivolous, Magistrate Judge Aloi begins his analysis of Plaintiff's

4

Complaint. [*Id.*]. The conclusion of this analysis is that Plaintiff's Complaint has no chance of success and is, therefore, frivolous and should be dismissed. [*Id.*]. As reasoning for this conclusion, the magistrate judge states that a § 1983 action cannot imply the invalidity of a conviction and must have been otherwise invalidated before it may proceed. [*Id.*]. As invalidation of the conviction would be the result were Plaintiff's Complaint to be successful, the magistrate judge concludes that the Complaint cannot be successful. [*Id.*].

In his Objection, Plaintiff does not seem to object to a particular portion of Magistrate Judge Aloi's R&R. [Doc. 31]. Instead, Plaintiff seems to be objecting to not only the entirety of the R&R, but the very body of case law surrounding 42 U.S.C. § 1983. [*Id.*]. To support his argument, Plaintiff attempts to make several policy arguments suggesting that ignoring both the R&R and several United States Supreme Court cases would allow this Court to contribute to solving a crisis in police misconduct dealing with black men. [*Id.*]. Further, Plaintiff suggests that there is disagreement among the courts as to the application of § 1983, and that the magistrate judge choosing to interpret § 1983 against Plaintiff will lead to police officers not answering for misconduct, unlawful incarcerations, and no chance of justice for minorities in West Virginia. [*Id.*]. Plaintiff references discovery several times and contends that if the Court would examine discovery they would see that misconduct has clearly occurred. [*Id.*]. Finally, Plaintiff seeks to tie the alleged misconduct of the defendants to his conviction, suggesting that this case should move forward so that his conviction may be overturned. [*Id.*].

### A. Applicable Law

In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the United States Supreme Court

found:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

***Heck***, 512 U.S. at 486-487.  Further, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit.  ***Id***.

Pursuant to 28 U.S.C. § 1915(e)(2), a case must be dismissed if at any time the Court determines that the Complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit in either law or fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  However, *pro se* allegations must be read in a liberal fashion.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations that are "clearly baseless."  ***Denton v. Hernandez***, 504 U.S. 25, 32 (1992).

### B. Analysis

In his Objection, Plaintiff repeatedly refers to his belief that the Court must examine the discovery of this case before dismissing the case as frivolous.  [Doc. 31].  This is a fundamental misunderstanding of the role which discovery plays in the judicial process.  Discovery is merely one step in the larger process of trying a case.  Here, a determination

---

[2] ***Neitzke*** at 327.

that the Complaint has no chance of success, and is, therefore, frivolous, comes before the process of discovery has begun. As discovery is a costly and time consuming process, making this determination prior to discovery saves those involved with the Complaint time and money and promotes judicial efficiency.

Plaintiff also states several times that he believes he was only convicted because of the alleged violations of his constitutional rights. [*Id.*]. The clear implication of this belief is that Plaintiff's conviction was improper and should be overturned. Indeed, this would be the effect of Plaintiff finding success in this action. This implication is also precisely why the action has no chance of success. Per **Heck**, the conviction must be otherwise invalidated before a § 1983 action may proceed. **Heck**, 512 U.S. at 487. This ruling was made to prevent convictions from being collaterally attacked through civil suits. *Id*. However, attacking a conviction collaterally through a civil suit is precisely what Plaintiff is attempting to do in this case, by his own admission. The conviction must be otherwise invalidated before a § 1983 action may proceed, and success in the action cannot imply the invalidity of the original conviction. *Id*. Plaintiff seems to have nearly exhausted all other avenues of invalidation, going so far as to apply for a writ of *certiorari*. With each of his previous attempts having been unsuccessful, it seems clear that this action was merely Plaintiff's latest attempt to invalidate his conviction and the least proper avenue in which to do so. Because the conviction has not been otherwise invalidated and success in this action would imply the invalidity of the conviction, the § 1983 action has no chance of success.

Perhaps foreseeing the unsuccessful nature of his Complaint, Plaintiff suggests in

7

his Objection that the specifics of how and when a § 1983 claim may be brought have been disagreed over by the courts, leaving no remedy available under § 1983. [Doc. 31]. Instead, how and when a § 1983 action can be brought has been made clear by cases such as **Heck**, and such an action is simply unavailable to Plaintiff at this time. Because § 1983 actions are available when the conviction has been otherwise invalidated, there is no absence of a federal remedy that would leave plaintiffs uncompensated and unconstitutional conduct undeterred as Plaintiff suggests. [Doc. 31]. Indeed, § 1983 acts as an additional deterrent to the conviction being invalidated; it simply cannot be used to invalidate the conviction itself as Plaintiff so desires. There exist many other ways to invalidate a conviction which help victims of wrongful convictions and deter unconstitutional conduct. Plaintiff should be well aware of these alternatives as he has attempted to use nearly all of them to invalidate his own conviction. As none of these alternative methods have invalidated Plaintiff's conviction, he still has no chance of success in a § 1983 action at present.

According to **Neitzke**, a complaint is frivolous if it is without arguable merit in either law or fact, and frivolous cases must be dismissed. **Neitzke**, 490 U.S. at 325. As was discussed in greater detail above, Plaintiff's Amended Complaint is without arguable merit as the original conviction has not been otherwise invalidated, and a successful § 1983 action would serve to invalidate the original conviction. Even read liberally as required in **Haines**, there is no chance that Plaintiff's Amended Complaint could be argued to fit within the requirements of a § 1983 action. **Haines**, 404 U.S. at 520. As Plaintiff's Amended Complaint is "indisputably meritless," it should be dismissed as frivolous. **Denton**, 504 U.S.

8

at 32.  Plaintiff's Objection **[Doc. 31]** similarly fails to make any meritorious argument and is, therefore, **OVERRULED**.

IV.     CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 26]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report.  Accordingly, this Court **ORDERS** that Plaintiff's Amended Complaint **[Doc. 23]** be **DISMISSED**.  Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court, and the Clerk is **DIRECTED** to enter judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: June 21, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE